(C. D. 647)

T. D. DOWNING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 10, 1942)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon* and *Richard F. Weeks,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Boston, brought to recover certain customs duties

alleged to have been improperly exacted upon a particular importation described in the invoice as "1 Patent depitching installation," "1 Carbonizing machine," and "1 Beater with 2 sets of crush rolls." Duty was levied thereon at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as machines and parts thereof not specially provided for, finished or unfinished. It is claimed that said merchandise is properly dutiable at but 20 per centum ad valorem under the following provision incorporated in said paragraph 372 by virtue of the trade agreement between the United States and the United Kingdom, promulgated in T. D. 49753, 74 Treas. Dec. 253:

Textile machinery, finished or unfinished, not specially provided for, for textile manufacturing or processing prior to the making of fabrics or woven, knit, crocheted, or felt articles not made from fabrics (except worsted combs, bleaching, printing, dyeing, or finishing machinery, and machinery for making synthetic textile filaments, bands, strips, or sheets).

The plaintiff offered in evidence the testimony of a single witness, Stephen Perry, vice president and production manager of the Merrimac Hat Corporation, the ultimate consignee and the real importer herein, who testified that his corporation was engaged in the manufacture of wool felt hat bodies for men, women, and children; that he was familiar with the various steps in the manufacture of said articles, having seen the entire process practically every day for 25 years; and that he saw the machines involved herein when they arrived at the factory and in operation. He then proceeded to testify in part as follows:

Q. Starting with the raw material used, will you please state the various steps which are taken in manufacturing wool felt hats?—A. In the manufacturing of wool felt hats, we use the raw wool, that is—the grease wool as it comes from the sheep's back. We buy it in that stage, and naturally you cannot use the grease wool in manufacturing. You must get rid of the grease and the dirt. Also, as the sheep are grazing, they collect a lot of burs and briars; in other words, vegetable matter, so the first operation is to extract the grease from the wool. The sheep are also painted. They use various kinds of paint instead of branding the sheep. This machine, entered as a depitching machine, is used to do both of these jobs; to put the wool in this machine, and with chemicals it takes the grease out and dissolves the paint, and the next operation is carbonizing, to get rid of the vegetable matter, and after a soaking operation in sulphuric acid it goes to the machine which is described as a carbonizer. The carbonizing machine is a large machine, roughly the length of this courtroom, and about half the width, with 3 or 4 wire aprons, with a heat coil inside. The effect of the heat on the vegetable matter in the wool is what we term "carbonizing," which turns it black. The next operation is the crush rolls, and the pressure of the crush rolls pulverizes the vegetable matter which has been carbonized, and from there it proceeds to the machine called the "duster" or "wool beater", which is a machine with several fans and a screen, inside of which are revolving arms that throw the wool around and brings it in contact with a screen, to allow the dirt to be taken away by the fans. In the noils which are used, coming from a worsted wool, the noils also contain the same things that are contained in wool, the paint and also vegetable matter, so that the noils

also have to go through the depitching machine to dissolve the paint, and then it proceeds through the same operations that I just described with the wool—carbonizer, crush rolls, and duster. From that stage the proper blend is made in the particular type and quality of article that is to be made, and it goes through a picking machine, to thoroughly mix the blend. The next operation is the first means of controlling the article that is to be made, and that is done by a card; the same type of machine and construction as is used in the woolen underwear mills, the only exception being that they are a little bit smaller, and is bound over an oscillating egg-shaped cone. That is the first time that the wool hat body begins to assume its shape. Up to that time it is just the handling of the raw materials.

Q. Is it a fact that the depitching machine, and the carbonizing machine, the crush rolls, and the wool beater, are used prior to the actual making of the felt hats?—A. That is correct.

*   *   *   *   *   *   *

Q. Are you familiar with the type of machines which are used by companies which make woven, knit, or crocheted articles?—A. Yes.

Q. Have you seen them in operation?—A. I have.

Q. Do you know whether depitching machines, or carbonizing machines, or crush rolls, or wool beaters, or machines of that type, are used by companies manufacturing woven, knit, or crocheted articles?

*   *   *   *   *   *   *

The WITNESS. They are using exactly the same machines we do in carbonizing. They use the crush rolls and beater, both. * * *

*   *   *   *   *   *   *

Q. Will you just state whether any of these machines are worsted combs, bleaching, printing, dyeing, or finishing machines?—A. No, they are none of them.

Q. Or machinery for making synthetic textile filaments, bands, strips, or sheets?—A. It is none of those.

Upon this record, counsel for the Government contends that the machines at bar are not textile machinery within the meaning of paragraph 372 of the Tariff Act of 1930, and in support of such contention reliance is placed upon the decision in *Passaic Worsted Co. et al.* v. *United States*, 17 C. C. P. A. 459, T. D. 43916, wherein the appellate court held certain wool openers, dessuinters, and dryers, used in tearing apart the fleeces of raw wool, washing, cleaning, and drying it, were not textile machinery within the meaning of paragraph 372 of the Tariff Act of 1922, on the ground that the mere cleansing of an article was not a manufacturing process.

On the other hand, counsel for the plaintiff contends that the more recent decision in *E. I. Dupont de Nemours & Co.* v. *United States*, 27 C. C. P. A. 146, C. A. D. 75, holding that a certain machine known as a Continuous Colin Press, the only function of which was to extract water from cellulose acetate, was textile machinery within the meaning of paragraph 372 of the Tariff Act of 1930, modified—if it did not reverse—the hard and fast rule laid down in the case of *Passaic Worsted Co. et al.* v. *United States*, *supra*.

We are inclined to agree with this contention. Moreover, we are convinced that the provision of the trade agreement with the United Kingdom, *supra*, does unquestionably modify the rule laid down in the last-cited case by including within the term textile machinery such mechanisms as are employed "for textile manufacturing or processing *prior to the making of fabrics* or woven, knit, crocheted, or felt articles not made from fabrics." [Italics ours.] To exclude the machines at bar from the benefits of said trade agreement would do violence to the language of said provision.

Upon the established facts and the law applicable thereto we hold that the machines at bar are properly dutiable at the rate of 20 per centum ad valorem under said provision in paragraph 372 of the Tariff Act of 1930 as modified by the trade agreement between the United States and the United Kingdom, *supra*, as textile machinery of the kind therein made dutiable at that rate, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.